

# GORDON, ELIAS & SEELY, LLP

*Attorneys and Counselors at Law*

R. Todd Elias  
Jeff Seely

Steve Gordon*

---

1811 BERING DRIVE, STE 300  
HOUSTON, TEXAS 77057  
(713) 668-9999 TELEPHONE  
(713) 668-1980 FACSIMILE  
http://www.gordon-elias.com  
http://www.geslawfirm.com

*BOARD CERTIFIED – PERSONAL INJURY TRIAL LAW  
TEXAS BOARD OF LEGAL SPECIALIZATION  
*OF COUNSEL

February 1, 2012

<u>*Via E-File*</u>  
Magistrate Judge George H. Lowe  
USDC Northern District of New York

    RE:    Case No. 6:10-CV-1357; *Acue Wicks vs. Gerald Miller, et al*; In the United States District Court, Northern District of New York.

Dear Magistrate Lowe,

The parties wanted to give the Court an update in advance of this Friday's call.

1. In yesterday's deposition of the Trooper who investigated the accident, he testified that he concluded that Ronald Schuck (and not Acue Wicks) was driving the Penske rig, for two reasons. First, the Trooper observed Wick's and Schuck's body position in the rig (i.e., they were trapped in it upon arrival) and Schuck was closer to the steering wheel. Second, when the Trooper interviewed Schuck, he admitted to being the driver.

2. While no one can be sure, based on the fact that Schuck allegedly sustained bodily injuries in the accident, as reported by his lawyer to BBX's counsel in a recent conversation, it is logical that Schuck will eventually file a claim. With competing claims, it will be challenging for BBX's insurer to evaluate settlement of the Wicks' claim due to a potentially limited fund without a better understanding of Schuck's physical condition.

3. The parties have engaged in settlement discussions and believe there is a realistic chance that the case will settle at some point. But BBX needs to set up an IME of Wicks. Wicks agrees to attend the IME. Wicks is out of rehab. BBX also needs to generally understand Schuck's physical condition.

4. BBX's counsel sent the Court a letter requesting leave to sue Schuck and his employer, Here Today Gone Tomorrow. If the Court grants leave, the parties stipulate that Wicks will sue Schuck and his employer and thereafter, BBX will

    file a cross claim.  In doing so, it is logical that Schuck will file a cross claim against BBX when he answers, which will result in all potential parties being in the suit.  The parties will endeavor to prepare an agreed stipulation by tomorrow.

5. If the Court grants leave, Wicks will amend his pleading by February 7, 2012 and take steps to immediately serve the new parties.

6. The March discovery deadline and the June trial date are unrealistic, even if the Court denied leave and surely if it granted it.  Unfortunately, the case stayed somewhat in a holding pattern both because of the health of Wicks' lead counsel and the fact that Wicks was in rehabilitation.  The parties respectfully suggest that the Court set what would effectively be a Fed. R. Civ. P. 16 conference approximately 45 days from now to allow the new party to be sued and answer.  In the interim, Wicks' and BBX's counsel will take steps to set up the depositions of (1) Trooper Roberts (who inspected the rigs following the accident), who may have a point of view about the cause of the BBX's rig's brake failure, and potentially a (2) mechanic who came to the scene and another (3) Trooper.  The Trooper who was deposed is checking within the other Trooper to answer a couple questions.  Negative answers will mean that he will not need to be deposed.  These would be set up about a month after the Rule 16 conference to allow the new party to attend.

7. BBX deserves supplemental expert designations and reports before it produces its reports.  Wicks suggests that he serve those within three weeks of the conference.  BBX can then serve its report during a time frame it deems reasonable.

The parties are in agreement with everything stated in this letter.

                    Sincerely,

                    */s/ Jeff Seely*

                    Jeff Seely